## 56334. JEM PATENTS, INC. v. FROST.

BANKE, Judge.

The plaintiff, Jem Patents, Inc., sued to collect the purchase price of merchandise which it had shipped to the defendant, Jack Frost, under an alleged sale contract. Both parties are merchants as defined in the UCC Code Ann. § 109A-2—104 (1). The price of the goods was over $500, making the contract subject to the UCC statute of frauds. Code Ann. § 109A-2—201 (Ga. L. 1962, pp. 156, 176).

The defendant did not place a written order for the goods. They were delivered to him in response to what the plaintiff's president maintained was a verbal order and were accompanied by invoices which specified the quantity and price of each type of item included in the shipment. According to the testimony at trial, the defendant retained the goods for about three weeks without objection and then attempted to return them, but the plaintiff refused to accept them back.

At the close of the plaintiff's case, the trial judge directed a verdict for the defendant, stating that the plaintiff had failed to produce written evidence of the sale in compliance with Code Ann. § 109A-2—201 (1), supra. The plaintiff responded with this appeal. *Held:*

1. Although subsection (1) of Code Ann. § 109A-2—201, supra, provides that a contract for the sale of goods costing in excess of $500 is not enforceable in the absence of a writing signed by the party against whom enforcement is sought, subsection (2) qualifies this as follows: "Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received."

We find that the invoices, which were sent on printed forms bearing the plaintiff's name and address, were

"sufficient against the sender" and thus conclude that they may be considered a written confirmation of the alleged contract within the meaning of subsection (2), supra. Accord, *Kohlmeyer & Co. v. Bowen,* 126 Ga. App. 700 (2) (192 SE2d 400) (1972). Since the defendant did not give written notice of objection within 10 days after receiving the invoices, the jury would have been authorized to find that an enforceable sale contract existed.

2. The jury would also have been authorized to find that an enforceable contract existed pursuant to subsection (3) of Code Ann. § 109A-2—201, which provides, in pertinent part, as follows: "A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . (c) with respect to goods . . . which have been received and accepted (109A-2—606)."

It is uncontroverted that the defendant received the goods. Evidence that he accepted them was provided both by oral statements which he allegedly made to the plaintiff's president afterwards and by the length of his delay in returning them. See generally Code Ann. §§ 109A-2—606 (1) (a) (b) and 109A-2—602 (1).

For the foregoing reasons, we conclude that it was error to direct a verdict for the defendant.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 18, 1978 — REHEARING DENIED NOVEMBER 2, 1978 —

*Bowen, Derrickson, Goldberg & West, Frank L. Derrickson, Thomas M. West,* for appellant.

*Harvey, Willard, Elliott & Olsen, Alan C. Harvey, E. C. Harvey,* for appellee.