## 65554. DALESSO et al. v. RELIABLE-TRIPLE CEE OF NORTH JERSEY, INC.

POPE, Judge.

Plaintiff-appellee Reliable-Triple Cee of North Jersey, Inc. ("Reliable") sold restaurant equipment to defendants-appellants during the period from October 1978 to July 1979. In April 1981, Reliable brought suit on this account against John Dalesso, d/b/a Dalesso Dale Associates, d/b/a Bravo's Restaurant. The complaint was amended to include Dale Associates, Inc. as a defendant. The trial judge sitting without a jury made findings of fact and conclusions of law ruling in pertinent part that Reliable is entitled to judgment in the amount of the principal balance owed of $43,249.74 plus $4,036.64 in interest since the date the account became liquidated. Further, the trial court ruled that Dalesso and Dale Associates are jointly and severally liable for the judgment. Dalesso and Dale Associates appeal the judgment and the denial of their motion for new trial.

1. Appellants challenge the amount of the judgment based upon two contentions. By way of defense at trial, appellants asserted the existence of an oral agreement between Dalesso and one Rosenberg, Reliable's sales representative for that account. Under this alleged agreement, special pricing would be provided for appellants at a percentage over cost less than the 20%-30% mark-up actually charged on the invoice. Invoices for equipment and supplies sent by Reliable and received by appellants were properly admitted as evidence at trial. The trial court found as a fact that appellants' contentions as to a contract for a purchase price different from that

shown by the invoices was not supported by credible evidence. " 'An appellate court will not disturb the fact findings of a judge sitting without a jury if there is any evidence to support them, unless they are clearly erroneous.' *Yalanzon v. Sharon Const. Co.,* 141 Ga. App. 294 (2) (233 SE2d 220) (1977)." *Sineath v. Lane Co.,* 160 Ga. App. 402, 404 (287 SE2d 341) (1981). Initially we note that the trial court was justified in relying upon the invoices as written confirmation of the contract between Reliable and appellants within the meaning of OCGA § 11-2-201(2) (former Code Ann. § 109A-2—201(2)) as no written notice of objection was given to Reliable within 10 days of receipt by appellants. See *Jem Patents, Inc. v. Frost,* 147 Ga. App. 839 (1) (250 SE2d 547) (1978).

Appellants assert the existence of a conflict in Reliable's evidence as to the amount due on the account. However, there is direct testimony given by Klein, president of Reliable at the time of trial, that the principal balance due to Reliable is $43,249.74, the amount of the judgment. Any conflict in Klein's testimony appears to have arisen from a figure used to illustrate the manner in which the principal would be calculated, allowing for credits and deductions of finance charges. We find the amount ruled by the trial court as the principal owed to be supported in the record, and as such is not clearly erroneous.

2. Dalesso contends that the trial court erred in finding that he made the purchases from Reliable in his individual capacity and in holding Dalesso personally liable for the judgment. Citing to the invoices sent by Reliable to "DeLasso Dale Associats" [sic] as purchaser, Dalesso claims that all sales were made to Dale Associates, with Dalesso acting as its representative. "Courts permit 'piercing the corporate veil' 'in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, control, etc.' Kaplan's Nadler, Ga. Corporation Law 99, § 3-21; 6 EGL 187. It is obvious that if the individual who is the principal shareholder or owner of the corporation conducts his private and corporate business on an interchangeable or joint basis as if they were one, then he is without standing to complain when an injured party does the same. 'Under such circumstances, the court may disregard the corporate entity.' Kaplan's Nadler, Ga. Corporation Law 100, § 3-21." *Bone Constr. Co. v. Lewis,* 148 Ga. App. 61, 63 (250 SE2d 851) (1978).

Evidence was adduced at trial to show that Dalesso's dealings with Reliable were through its agent, Rosenberg, who testified by deposition that the billing name for the purchases in question was listed as "Delasso Dale Associates" because, at the time the account was established, no name had been chosen for the restaurant to be

opened by Dale Associates. Additionally, Reliable had done business with Dalesso in New Jersey on two previous occasions and, in each instance, the account was billed in the name of the restaurant. However, evidence was also presented to show that Dalesso was president and sole stockholder of Dale Associates which operated a single business, the restaurant for which the goods were ordered from Reliable. This restaurant was eventually named "Bravo's" and payment on the Reliable account was made at least once by check signed by Dalesso with the word "Bravo's" as notation, although the billing name was never changed to reflect the chosen name. A cash payment on the account was made by Dalesso to Reliable with the receipt made out to Dalesso personally and individually.

Testimony further established that after "Bravo's" was closed, Dalesso retained possession of the goods ordered from Reliable, selling some and storing the remainder. Dale Associates had no separate checking account at the time of trial.

"The finding of the trial court [that Dalesso purchased individually and as an agent of Dale Associates] is not 'clearly erroneous' and is supported by the evidence of record. Accordingly, no reason for reversal is found." *Casey v. Carrollton Ford Co.,* 152 Ga. App. 105, 108 (262 SE2d 255) (1979). See generally *Saxton v. Luke,* 164 Ga. App. 170 (296 SE2d 751) (1982); *DeJong v. Stern,* 162 Ga. App. 529 (3) (292 SE2d 115) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JULY 8, 1983.

*Robert G. Nardone,* for appellants.
*Virginia R. Harper,* for appellee.