**COX ENGINEERING, INC., Appellant,**

v.

**FUNSTON MACHINE AND SUPPLY COMPANY, Appellee.**

**No. 2–87–138–CV.**

Court of Appeals of Texas, Fort Worth,

March 10, 1988.

Rehearing Denied May 12, 1988.

Jones & Whitaker, and O.F. Jones III, Victoria, for appellant.

Sherrill & Pace, and D. D'Lyn Davison, Wichita Falls, for appellee.

Before FENDER, C.J., and HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

The primary issue in this case is whether an alleged oral agreement is brought within the "merchant's exception" to the UCC statute of frauds by a pair of invoices sent by the seller and received by the buyer. *See* TEX.BUS. & COM.CODE ANN. sec. 2.201(b) (Tex.UCC) (Vernon 1968). The buyer/appellee, Funston Machine and Supply Company, moved for summary judgment on the ground that any oral agreement between Funston and the seller/appellant, Cox Engineering, Inc., was unenforceable under the applicable statute of frauds. *See* TEX.BUS. & COM.CODE ANN. sec. 2.201(a) (Tex.UCC) (Vernon 1968). The trial court agreed with Funston and entered a take-nothing judgment for Cox.

Because the invoices were sufficient written confirmations of an underlying oral agreement to come within the merchant's exception, we reverse the summary judgment and remand the case for a trial on its merits.

Cox was a manufacturer of drilling rigs. Funston was buying rigs from Cox and then selling them to drilling companies, thus acting as an intermediary or broker. In 1981, Funston purchased and resold two drilling rigs. Cox alleged in its petition that Funston orally agreed to purchase two additional drilling units but breached this agreement by refusing to pay for the rigs. Cox forwarded two invoices to Funston making reference to ten percent down payments on the two rigs. Although it is not clear when Funston received the invoices, it is undisputed that Funston did in fact receive them and did not object to them within ten days of receipt.

Appellant raises five points on appeal. The first point asserts that the alleged oral agreement to purchase the rigs was taken outside the statute of frauds under the

"merchant's exception" of TEX.BUS. & COM.CODE ANN. sec. 2.201(b) (Tex.UCC) (Vernon 1968). Appellant's second and third points contend that summary judgment was improper because there was a question of fact as to whether the invoices were sufficient to meet the statute of frauds exception and whether appellee admitted the existence of an oral agreement between the parties outside the statute of frauds under TEX.BUS. & COM.CODE ANN. sec. 2.201(c)(2) (Tex.UCC) (Vernon 1968). In its fourth point, appellant contends that there was a question of fact whether Funston had made a payment on the rigs that would also take the agreement outside the statute of frauds. Finally, appellant contests the propriety of venue in Wichita County.

Section 2.201 provides in pertinent part:

(a) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

(b) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of Subsection (a) against such party unless written notice of objection to its contents is given within ten days after it is received.

TEX.BUS. & COM.CODE ANN. sec. 2.201 (Tex.UCC) (Vernon 1968).

As stated above, the propriety of the summary judgment turns on whether the invoices constitute a written confirmation of the alleged oral agreement. Appellant cites a number of cases from other jurisdictions to the effect that an invoice can con-stitute just such a confirmation. *See, e.g., Dalesso v. Reliable–Triple Cee,* 167 Ga. App. 372, 306 S.E.2d 415 (1983); *Jem Patents, Inc. v. Frost,* 147 Ga.App. 839, 250 S.E.2d 547 (1978); *Azevedo v. Minister,* 86 Nev. 576, 471 P.2d 661 (1970); *see also Alarm Device Mfg. Co. v. Arnold Industries, Inc.,* 65 Ohio App.2d 256, 417 N.E.2d 1284 (1979).

U.C.C. 2–201(2) was intended to prevent a specific evil. Prior to the enactment of the UCC, a seller who entered into an oral agreement with a buyer and who sent the buyer a signed memorandum confirming their agreement could have the agreement enforced against him but could not enforce it against the buyer. If the market fluctuated in the buyer's favor, he could enforce the agreement against the seller. Conversely, if the market was unfavorable the buyer could refuse to perform because the oral agreement could not be enforced against him. The Code remedies this situation by holding the buyer bound unless he communicates his objections within ten days. *See* 2 A. SQUILLANTE & J. FONSECA, *WILLISTON ON SALES,* sec. 14–8 (4th ed.1974).

■ The statute requires that the written confirmation be "sufficient against the sender." TEX.BUS. & COM.CODE ANN. sec. 2.201(b) (Tex.UCC) (Vernon 1986). In order to be sufficient against the sender, a memorandum must meet three requirements: it must evidence a contract for the sale of goods; it must be "signed," that is, it must contain an authentication that identifies the sending party and it must specify a quantity. TEX.BUS. & COM. CODE ANN. sec. 2.201, Comment 1 (Tex.UCC) (Vernon 1968).

■ Reviewing the summary judgment evidence in a light most favorable to the appellant, as we are required to do, we find deposition testimony from both David Cox and Dean Funston, presidents of the respective companies, indicating that Funston paid for the first two rigs by making an initial ten percent down payment followed by progress payments at various stages in construction. Such extrinsic evidence is admissible to show a course of dealing be-

tween the parties. *See* TEX.BUS. & COM. CODE ANN. sec. 2.202(1) (Tex.UCC) (Vernon 1968). We therefore find that the invoices referencing a ten percent down payment on the third and fourth rigs "afford a basis for believing that the offered oral evidence rests on a real transaction." TEX.BUS. & COM.CODE ANN. sec. 2.201, Comment 1 (Tex.UCC) (Vernon 1968).

The invoices meet the second and third requirements in that they are "signed" by Cox and specify a quantity. Cox's letterhead, including its address, appears at the top of the invoice, thus providing an authentication that identifies the party to be charged. *See id.; see also Jem Patents,* 250 S.E.2d at 548. The requirement of a quantity term is plainly set forth on the face of each invoice where reference is made to the down payments on the "third" and "fourth" rigs.

Based on the foregoing reasons, we believe that the summary judgment was improper. We are constrained to interpret the UCC in a manner that accomplishes the underlying policy goals of the Code, namely, the simplification, clarification, and modernization of business practices. *See* TEX. BUS. & COM.CODE ANN. sec. 1.102(b)(a) (Tex.UCC) (Vernon 1968). We sustain appellant's first point.

Our ruling on appellant's first point alone warrants reversal of the case. Since we have sustained that point, we decline to rule on the grounds raised in appellant's second, third and fourth points.

Appellant's fifth point of error complains that the trial court erred in sustaining appellee's motion to transfer venue to Wichita County because venue lay in Victoria County where the suit was originally filed. We overrule appellant's fifth point of error because appellant failed to make prima facie proof of the venue facts necessary to maintain venue in Victoria County.

In its motion to transfer venue and in its reply to plaintiff's response to motion to transfer venue, appellee specifically denied the venue facts alleged by appellant in support of its claim that venue lay in Victoria County and asserted that venue was proper only in Wichita County, the county in which appellee had its principal office and where appellee contends the cause of action arose. TEX.CIV.PRAC. & REM. CODE ANN. sec. 15.036 (Vernon 1983) (amended 1986). Appellee's contention that venue of this case properly lay only in Wichita County was supported by affidavits filed by appellee. *See* TEX.CIV. PRAC. & REM.CODE ANN. sec. 15.064(a) (Vernon 1986) and TEX.R.CIV.P. 87 3(a).

Appellee contends that even if venue was proper in Wichita County, it was reversible error for the trial court to transfer the case from Victoria County, where, appellant contends, a part of the cause of action arose and venue was also proper. The question of whether it is reversible error to transfer a case from a county where venue properly lies to another county where venue is also proper has not been answered.[1] We are not required to answer that question because appellant failed to make prima facie proof of the venue facts on which it relied because it did not file an affidavit setting out the venue facts it alleged. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 15.064 (Vernon 1986) and TEX.R.CIV.P. 87 3(a).

Appellant contends that we should look to the entire record, including the depositions of Cox and Funston, and reverse the judgment of the trial court if, from the entire record, we find that venue was proper in Victoria County. It is mandatory that we consider the entire record in determining whether venue was proper in Wichita County where the case was transferred and summary judgment was entered.[2] We

---

1. The possibility of this specific question arising was apparently not considered in the negotiations which resulted in the compromise that became the new venue statute. *See* D. Price, *New Texas Venue Statute: Legislative History,* 15 ST. MARY'S L.J. 855, 875–80 (1983).

2. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 15.064(b) (Vernon 1986):

On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the

have determined from the entire record of this case that appellee's principal office was located in Wichita County and venue was proper there.

We are not required to apply the same harsh standard of appeal to the question before us: was it error to transfer the case from a county where venue may have also been proper? Instead, our consideration is determined by the traditional standards of appellate review: was there reversible error and was the error properly preserved for appellate review? We do not reach the questions of error or harm because appellant has not preserved those questions for our determination.

 Ordinarily, in order to preserve a complaint for appellate review, the complaining party must first present his complaint to the trial court and obtain the court's ruling. TEX.R.APP.P. 52. In this case, appellant failed to preserve error because it did not make prima facie proof of the venue facts upon which it relied. In its determination of venue, the district court in Victoria County could properly consider only the pleadings and affidavits. TEX. CIV.PRAC. & REM.CODE ANN. sec. 15.-064(a) (Vernon 1986) and TEX.R.CIV.P. 87. The trial court could consider the depositions and any other discovery on file only if they were attached to or incorporated by reference in an affidavit. TEX.R.CIV.P. 88. Because appellant filed no affidavits in support of its venue contentions, it failed to preserve error. We overrule appellant's fifth point of error.

Reversed and remanded.

## APPENDIX

**COX ENGINEERING, INC.**
P. O. Box 4610
VICTORIA, TEXAS 77901-3

(512) 573-9322

Funston Machine and Supply Co.

P.O. Box 96

Wichita Falls, Texas 76307

Job 262 № 0340

| INVOICE DATE | SALESMAN |
| --- | --- |
| 8-31-81 | |

SHIP TO

| ORDER NO. | DATE SHIPPED | SHIPPED VIA | F.O.B. POINT | TERMS | |
| --- | --- | --- | --- | --- | --- |
| | | | | On receipt | |

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
| --- | --- | --- | --- |
| | Down payment on fourth trailer rig/ approx. 10% | | 50,000 00 |
| | Thank you | | |

**ORIGINAL** ( *Thank You* )

entire record, including the trial on the merits.

**COX ENGINEERING, INC.**
P. O. Box 4610
VICTORIA, TEXAS 77903

(512) 573-9322

Job 256

№ 0339

| INVOICE DATE | SALESMAN |
|---|---|
| 8-31-81 | |

TO Funston Machine and Supply Co.

P.O. Box 96

Wichita Falls, Texas 76307

SHIP TO

| YOUR ORDER NO. | DATE SHIPPED | SHIPPED VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|
| | | | | On receipt |

| QUANTITY | DESCRIPTION | UNIT PRICE | TOTAL |
|---|---|---|---|
| | Down payment on third trailer rig/ approx. 10% | | 50,000 00 |
| | Thank you | | |

ORIGINAL　　　　　　　*Thank You*