A90A0720. JOE N. GUY COMPANY, INC. v. VALIANT STEEL & EQUIPMENT, INC.
(395 SE2d 310)

DEEN, Presiding Judge.

This appeal and the proceeding below to which it appertains is concerned with whether or not there existed a contract between appellant Joe N. Guy Company, Inc. (Guy) and appellee Valiant Steel & Equipment, Inc. (Valiant), for the delivery of certain quantities of steel; and, if the contract existed, what duties it imposed upon the parties and whether or not it was enforceable.

The sequence of events leading to the action below began in November 1984, when the president of M & M Specialties, Inc. (M & M), a steel fabricating company not a party to this appeal, requested that appellee Valiant sell to M & M raw steel which the latter would then fabricate for delivery to appellant Guy for use on six construction projects in which Guy, a general contractor for commercial construction, was engaged. Since M & M owed Valiant more than $300,000 for steel previously purchased, Valiant declined to do further business with M & M on credit. M & M's president then proposed that Valiant sell the steel directly to Guy, and Valiant's treasurer agreed to do so provided Guy was agreeable to the proposal and had a good credit report. Valiant's treasurer then contacted Guy's vice-president, and they allegedly came to an agreement that M & M would place purchase orders with Valiant on Guy's behalf, identified to any of the specified six projects, and that Guy would be invoiced for each shipment. The parties agree that this conversation and alleged contract were not memorialized in a letter.

Ten days to two weeks later M & M placed an order with Valiant, and Valiant's treasurer confirmed the order by telephone with Guy's vice-president. During this conversation it was allegedly agreed that it would be unnecessary for Valiant to confirm each individual steel order with Guy before making shipment. The invoice reflecting this order and listing the particulars of the order and the terms of the alleged oral contract between Guy and Valiant was mailed to Guy on

the same day the first shipment was delivered to M & M. Valiant sent about thirty shipments and corresponding invoices during a three-month period following the first shipment, and Guy paid more than $297,000 without objection. Thereafter, without explanation, Guy ceased paying Valiant, and at the time the action below was filed, there remained owing to Valiant some $259,000 plus interest.

After a series of efforts by Valiant to collect from Guy, during which the latter made no reply, even to the extent of denying liability, Valiant brought an action which resulted in a verdict and judgment for plaintiff. Guy appeals from the judgment, enumerating eleven errors having to do primarily with the general grounds, the denial of certain motions, and alleged errors in jury instructions. *Held*:

1. In its first enumeration appellant assigns as error the denial of appellant's motions for directed verdict and for j.n.o.v., alleging that the evidence and reasonable inferences therefrom failed to set forth a *prima facie* case of the existence of an oral contract. The statutory standard for granting a motion for directed verdict is as follows: "[T]here is no conflict in the evidence as to any material issue and the evidence [adduced], with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). The standard for granting judgment notwithstanding the verdict is the same as that for directed verdict. *Russell v. State,* 155 Ga. App. 555 (271 SE2d 689) (1980). In the instant case the evidence falls short of demanding either a directed verdict or a judgment n.o.v., and the trial court properly affirmed the jury's finding that the letterhead invoices sent to Guy by Valiant constituted writings in confirmation of the contract. See, e.g., *Bicknell v. Joyce Sportswear Co.,* 173 Ga. App. 897 (328 SE2d 564) (1985); *Dalesso v. Reliable-Triple Cee,* 167 Ga. App. 372 (306 SE2d 415) (1983); *Jem Patents v. Frost,* 147 Ga. App. 839 (250 SE2d 547) (1978); *Kohlmeyer & Co. v. Bowen,* 126 Ga. App. 700 (192 SE2d 400) (1972).

2. Appellant's second, third, and fourth enumerations cite the general grounds with reference to the trial court's denial of its motion for j.n.o.v. or, in the alternative, for new trial. Scrutiny of the record before us indicates that the grounds for appellant's motion were the general grounds, errors pertaining to jury charges, and the validity vel non of the alleged contract between Guy and Valiant — or, as the trial court summarizes them in its order denying the motion — "(1) that under the [Uniform] Commercial Code [OCGA Title 11] an invoice cannot serve as a written confirmation of an oral contract, and (2) that the jury incorrectly charged Defendant with commissions that were being used to reduce the debt of a middleman."

In reviewing an enumeration of the general grounds the appellate court looks for errors of law and for evidentiary insufficiency; and it is the sufficiency, rather than the weight, of the evidence that the appel-

late tribunal assesses. *Snipes v. Mack*, 191 Ga. App. 233 (381 SE2d 318) (1989); accord *Willis v. First Nat. Bank of Atlanta*, 185 Ga. App. 648 (365 SE2d 458) (1988). In the instant case there was sufficient competent evidence adduced to authorize the jury to find for plaintiff/appellee. Moreover, there was no error of law, for, as the trial court noted in its order, "Defendant's other grounds for a motion are not a basis for j.n.o.v. or new trial." OCGA §§ 5-5-22; 5-5-23; 5-5-24; see also OCGA §§ 5-5-25; 9-11-50 (b). We find no error in the trial court's ruling and no merit in these three enumerations.

3. Appellant's fifth, sixth, seventh, eighth, and ninth enumerations allege errors in giving or rejecting jury charges. Our review of the transcript reveals no errors of commission or omission with respect to charges requested or given. These enumerations have no merit.

4. Appellant's tenth and eleventh enumerations set forth additional assignments of error regarding denial of its motion for new trial. We have reviewed the trial transcript with care and find no error in the jury charge as a whole and find nothing improper or unfair regarding the issue of the existence or validity of the oral contract; likewise, scrutiny of the transcript reveals no lack of evidentiary support for the verdict. The trial court properly charged the law of surety and correctly ruled that the issue of commissions was for the jury. These enumerations are devoid of merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

Decided June 5, 1990 —
Rehearing denied June 19, 1990 — Cert. applied for.

*Bentley, Karesh, Seacrest, Labovitz & Campbell, Thomas S. Bentley, Edwin A. Tate*, for appellant.
*Alston & Bird, Steven M. Collins, Bruce J. Landau, Wm. Scott Mayfield*, for appellee.