A92A0391. RODRIGUEZ v. DAVIS.
(415 SE2d 41)

McMURRAY, Presiding Judge.

This fraud and breach of contract action is predicated on events which transpired following plaintiff Davis' purchase from defendant Rodriguez of certain assets which constituted a mobile ice cream vending business. The assets included two step vans, a trade name, and a concessionaire contract for Fort Gordon with the Army and Air Force Exchange Service.

Following the trial of the case, judgment was entered in favor of plaintiff for $38,500, $3,000 attorney fees, and the title to a vehicle still held by defendant. Defendant appeals, enumerating as error certain portions of the charge to the jury, the failure of the verdict to state which count it was predicated on, and the denial of his motions for directed verdict, new trial, and judgment notwithstanding the verdict. *Held*:

1. Defendant's enumerations of error nos. 1 and 6-12 complain of alleged errors in the charge to the jury. However, it is axiomatic that

a party cannot complain of the giving of an instruction to the jury unless he objects thereto after the court has instructed the jury and before the jury returns a verdict. After the charge was given, the trial court inquired of counsel if there were objections and none was stated. As there was no proper objection to the jury charge, these enumerations present nothing for review. *Issacs v. Williams Bros.*, 195 Ga. App. 812 (2) (395 SE2d 11); *Wigley v. Hambrick*, 193 Ga. App. 903, 905 (5) (389 SE2d 763); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156, 157 (2) (378 SE2d 510).

2. Defendant's second enumeration of error complains that the verdict did not state whether it was being rendered pursuant to the fraud or breach of contract count. "Where a party allows a general verdict to be received and published in open court in the presence of his counsel, without objection or motion to have the jury retired with direction to find a special verdict, he will be deemed to have waived his right to a special verdict. [Cits.] We, therefore, find no merit in this enumeration of error." *Skelton v. Skelton*, 251 Ga. 631, 634 (6), 635 (308 SE2d 838).

3. Defendant's remaining enumerations of error complain of the denial of his motions for directed verdict, new trial (predicated only on evidentiary grounds), and judgment notwithstanding the verdict. These enumerations, individually and collectively, raise the issue of the sufficiency of the evidence to authorize the verdict returned by the jury and must be reviewed on appeal under the "any evidence" standard. *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734); *Joe N. Guy Co. v. Valiant Steel & Equip.*, 196 Ga. App. 20, 21 (1) (395 SE2d 310).

Plaintiff's evidence clearly shows that defendant breached a non-compete provision of the contract between the parties by bidding against plaintiff for a renewal of the ice cream vending concessionaire contract which was the primary asset transferred under the contract. Indeed, the evidence shows that defendant, by purporting to advise and help plaintiff as required by the contract, learned the amount of plaintiff's bid for the concessionaire contract and then outbid him.

The trial court did not err in submitting the case to a jury and in refusing to disturb the jury's verdict. *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2), supra; *Joe N. Guy Co. v. Valiant Steel & Equip.*, 196 Ga. App. 20, 21 (1), supra. Nor is there any merit in defendant's contention that the trial court should have partially granted his motion for directed verdict so as to remove the fraud count from the case. Even assuming that such a partial grant of defendant's motion for directed verdict would not have been error, the trial court did not err in failing to grant such relief where, as in the case sub judice, the motion in the trial court was directed to the whole case and there was no specific request for the grant of a partial directed verdict. See *Butts v. Ga.*

*Cas. &c. Co.*, 179 Ga. App. 819, 820-822 (348 SE2d 94).
*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JANUARY 23, 1992.

*James F. Findlay,* for appellant.
*Samuel F. Maguire,* for appellee.