NUMBER 13-09-00500-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: SOCORRO INDEPENDENT SCHOOL DISTRICT


AND CRAIG PATTON






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides (1)



 Relators, Socorro Independent School District ("Socorro") and Craig Patton, have
filed a petition for writ of mandamus seeking to compel the trial court to grant their motion
to transfer venue. This original proceeding presents two main issues: (1) what is the
plaintiff's "residence" for purposes of mandatory venue under the libel, slander, and
invasion of privacy venue provision of the civil practice and remedies code, see Tex. Civ.
Prac. & Rem. Code Ann. § 15.017 (Vernon 2002); and (2) what suffices as a "specific"
denial of venue facts. We conditionally grant the writ.

I. Background


 In July 2007, Socorro hired the real parties in interest herein, Ida Trevino and
Guillermo Salinas Jr., as police officers. Trevino and Salinas, long-time residents of
Cameron County, moved from Cameron County to El Paso County for these positions.

 Following what they alleged was a pattern of discrimination and harassment against
Trevino culminating in their constructive discharge, Trevino and Salinas filed suit in
Cameron County against Socorro for discrimination and retaliatory discharge in violation
of the Texas Commission on Human Rights Act, and against individual defendants, Patton
and Joe Sarabia, for negligence, slander and defamation, invasion of privacy, intentional
infliction of emotional distress, and tortious interference with contract. Trevino and Salinas
filed suit in Cameron County "pursuant to Texas Civil Practice and Remedies Code
[section] 15.017 because this is a slander and/or invasion of privacy case and Plaintiffs
are/were residents of Cameron County, Texas, at all relevant times herein." 

 Relators moved to transfer venue to El Paso County on grounds that: (1) Trevino
and Salinas resided in El Paso County during the period when the cause of action accrued;
and (2) the mandatory venue provision regarding libel does not apply to the claims raised
against Socorro. The trial court denied the motion to transfer venue, and this original
proceeding ensued. 

 Real parties contend that the trial court properly refused to transfer the case
because: (1) mandatory venue under section 15.017 is proper in the county of their
residence, see Tex. Civ. Prac. & Rem. Code Ann. § 15.017; (2) relators failed to specifically
deny the real parties' venue facts that they were residents of Cameron County at the time
the causes of action accrued; (3) real parties' prima facie proof established that they were
Cameron County residents; and (4) a person may have two or more residences for venue
purposes, and in that event, a plaintiff can choose and maintain suit in the venue of his or
her choosing. Real parties further contend that the trial court properly refused to grant the
transfer of venue because Socorro was properly joined in the action under the venue
statutes.

II. Standard for Mandamus Relief


 Mandamus is the proper vehicle to enforce mandatory venue provisions. See Tex.
Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002). Ordinarily, mandamus relief lies
when the trial court has abused its discretion and a party has no adequate appellate
remedy. In re Prudential Ins. Co., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). However,
where a party seeks to enforce a mandatory venue provision under chapter 15 of the
Texas Civil Practices and Remedies Code, a party is required only to show that the trial
court abused its discretion by failing to transfer the case and is not required to prove that
it lacks an adequate appellate remedy. In re Tex. Dept. of Transp., 218 S.W.3d 74, 76
(Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision
so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law. See In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). 

III. Controlling Venue Statutes


 Under the general venue rule, all lawsuits must be brought in either: (1) the county
in which all or a substantial part of the events or omissions giving rise to the claim
occurred; (2) the county of defendant's residence at the time the cause of action accrued
if the defendant is a natural person; or (3) the county of the defendant's principal office in
this state, if the defendant is not a natural person. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.002(a) (Vernon 2002). However, mandatory venue provisions control over general
venue provisions. See id. § 15.004 (Vernon 2002). At issue herein is section 15.017 of
the Texas Civil Practice and Remedies Code, which provides: 

 A suit for damages for libel, slander, or invasion of privacy shall be brought
and can only be maintained in the county in which the plaintiff resided at the
time of the accrual of the cause of action, or in the county in which the
defendant resided at the time of filing suit, or in the county of the residence
of the defendants, or any of them, or in the domicile of any corporate
defendant, at the election of the plaintiff.


Tex. Civ. Prac. & Rem. Code Ann. § 15.017. This section provides for mandatory venue. 
Marshall v. Mahaffey, 974 S.W.2d 942, 947 (Tex. App.-Beaumont 1998, pet. denied). 

 IV. Venue Procedure


 A plaintiff has the first opportunity to fix venue in a proper county by filing suit in that
county. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). If a
defendant objects to the plaintiff's venue choice and properly challenges that choice
through a motion to transfer venue, then the question of proper venue is raised. Wichita
County v. Hart, 917 S.W.2d 779, 781 (Tex. 1996); Wilson v. Tex. Parks & Wildlife Dep't,
886 S.W.2d 259, 260 (Tex. 1994); see Tex. R. Civ. P. 86(3), 87(2)(b). In its motion to
transfer venue, a defendant must specifically deny the venue facts in the plaintiff's petition;
if not, they are taken as true. Tex. R. Civ. P. 87(3)(a). Once the defendant has specifically
denied the plaintiff's venue facts, then the plaintiff is required to make prima facie proof of
its venue facts. Id.; In re Masonite Corp., 997 S.W.2d at 197. "Prima facie proof is made
when the venue facts are properly pleaded and an affidavit, and any duly proved
attachments to the affidavit, are filed fully and specifically setting forth the facts supporting
such pleading." Tex. R. Civ. P. 87(3)(a); see also Rodriguez v. Printone Color Corp., 982
S.W.2d 69, 72 (Tex. App.-Houston [1st Dist.] 1998, pet. denied) ("A prima facie case
represents the minimum quantity of evidence necessary to support a rational inference that
the allegation of fact is true."). Affidavits must be made on personal knowledge, set forth
specific facts as would be admissible in evidence, and show affirmatively that the affiant
is competent to testify. Tex. R. Civ. P. 87(3)(a). 

 The plaintiff's prima facie proof is not subject to rebuttal, cross-examination,
impeachment, or disproof. Ruiz v. Conoco, Inc., 868 S.W.2d 752, 757 (Tex. 1993). When
ruling on a motion to transfer venue, the trial court must assume the pleadings are true and
decide based on the pleadings and affidavits submitted by the parties. Tex. R. Civ. P.
87(3)(c). Venue questions are to be decided based on the "facts existing at the time the
cause of action that is the basis of the suit accrued." Tex. Civ. Prac. & Rem. Code Ann.
§ 15.006 (Vernon 2002).

 If the plaintiff adequately pleads and provides prima facie proof that venue is proper
in the county of suit, then the trial court must not transfer the case. Tex. R. Civ. P. 87(3)(c);
see also Wilson, 886 S.W.2d at 261 ("Together, Rule 87(3)(c)) and section 15.063(1)
require that a lawsuit pleaded and proved to be filed in a county of proper venue may not
be transferred."). In such a situation, no other county can be a proper county of venue,
even if the county of transfer also would have been proper had it been originally chosen
by the plaintiff. Wilson, 886 S.W.2d at 261. This rule gives effect to the plaintiff's right to
select a proper venue. Id.

V. Specific Denial


 Real parties urge that relators failed to specifically deny the real parties' venue facts
that they were residents of Cameron County at the time the causes of action accrued. The
court must take as true any pleaded venue facts that are not specifically denied by the
other party. Tex. R. Civ. P. 87(3)(a); Geochem Tech Corp. v. Verseckes, 962 S.W.2d 541,
543 (Tex. 1998). As stated previously, real parties filed suit in Cameron County "pursuant
to Texas Civil Practice and Remedies Code [section] 15.017 because this is a slander
and/or invasion of privacy case and Plaintiffs are/were residents of Cameron County,
Texas, at all relevant times herein." 

 A "'specific denial' of a venue fact requires that the fact itself be denied." Maranatha
Temple, Inc. v. Enter. Prod. Co., 833 S.W.2d 736, 740 (Tex. App.-Houston [1st Dist.]
1992, writ denied); see State v. Life Partners, Inc., 243 S.W.3d 236, 239 (Tex. App.-Waco
2007, pet. denied); Sanes v. Clark, 25 S.W.3d 800, 803 (Tex. App.-Waco 2000, pet.
denied); Peysen v. Dawson, 974 S.W.2d 377, 380 (Tex. App.-San Antonio 1998, no pet.);
see also Bleeker v. Villarreal, 941 S.W.2d 163, 175 (Tex. App.-Corpus Christi 1996, writ
dism'd by agr.) (op. on reh'g). "Global" or "general" denials of venue allegations do not
suffice as "specific" denials under the rules of civil procedure. See Rodriguez, 982 S.W.2d
at 71 ("[S]tatements such as 'Defendant specifically denies those venue facts pleaded in
Plaintiff's Petition' do not constitute a 'specific denial' as required by Tex. R. Civ. P. 87.").

 In the instant case, Socorro's motion to transfer venue contains an ineffective 
"global" denial regarding venue: "The School District specifically denies that venue as to
the School District is proper in Cameron County." See id. However, Socorro's motion to
transfer venue further alleges that:

 Plaintiffs' claims and allegations all arise based upon Ms. Trevino's
employment and alleged "constructive termination" by the School District. All
events upon which Ms. Trevino asserts her causes of action took place in El
Paso County, Texas. Plaintiffs moved to El Paso, El Paso County, Texas,
and took up residence in El Paso County. Plaintiffs resided at 409 Emerald
Trail Way, El Paso County, Texas, and 13729 Paseo De Vida, El Paso
County, Texas, while employed with the School District. Plaintiffs resided in
El Paso County, Texas, until Ms. Trevino resigned her position with the
School District. Plaintiffs enrolled their child with the School District while
employed with the School District. Their child attended Horizon Heights
Elementary School during the 2007-08 school year until Ms. Trevino resigned
her position with the School District.


 Plaintiffs' reliance on the mandatory venue statute, [section] 15.017
Tex. Civ. Prac. & Rem. Code, still requires that suit be brought "and can only
be maintained in the county in which the plaintiff resided at the time of the
accrual of the cause of action." (Emphasis added). §15.017, Tex. Civ. Prac.
& Rem. Code. There is only one place that meets the statute's requirements
for venue, and that is El Paso, El Paso County, Texas.


 Plaintiffs assert that they reside in Cameron County, Texas, and kept
their home and residence in Cameron County, Texas, even while they were
working for the School District in El Paso County, Texas. They assert that
their residence in Cameron County is where they resided and such residence
precludes filing this lawsuit in El Paso County. This position is incorrect. 
Texas law, for venue purposes, permits a person to have a residence in two
or more counties . . . . 

 

Moreover, in Socorro's reply to plaintiffs' response to transfer venue, Socorro averred that
"[t]his Defendant has properly challenged and has denied specific venue facts of the
Plaintiffs," and further stated: 

 The venue fact which this Defendant is specifically denying is that the
Plaintiffs resided in Cameron County, Texas at the time of the accrual of the
events that form the factual basis for the Plaintiffs' allegations contained in
their first Amended Petition. While the Plaintiffs may have had a residence
in Cameron County, Texas, they resided in El Paso County, Texas, during
the entire time of the events they allege were the cause of their alleged
damages.


 We may consider the totality of Socorro's allegations regarding venue in determining
whether or not it has specifically denied the venue facts herein. See Rodriguez, 982
S.W.2d at 71-72 (considering a specific denial found in a supplemental motion to transfer);
Cox Eng'g, Inc. v. Funston Mach. & Supply Co., 749 S.W.2d 508, 511 (Tex. App.-Fort
Worth 1988, no writ) (considering a specific denial found both in original motion to transfer
venue and reply to plaintiff's response). Moreover, given the structure of the arguments
herein, which focus not on any factual disputes, but rather the legal implication of the facts
at issue, Socorro has met its burden to specifically deny the venue facts alleged by real
parties in interest.

VI. Residence


 As stated previously, relators moved to transfer venue to El Paso County on the
grounds that Trevino and Salinas resided in El Paso County during the period when their
causes of action accrued. In contrast, real parties contend that the trial court properly
refused to transfer the case because: mandatory venue under section 15.017 is proper
in the county of their residence; their prima facie proof established that they were Cameron
County residents; and a person may have two or more residences for venue purposes, and
in that event, a plaintiff can choose and maintain suit in the venue of his or her choosing.

 For venue purposes, an individual may have more than one residence. Verseckes,
962 S.W.2d at 543-44; Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, 140 (Tex. 1951);
Rosales v. H.E. Butt Grocery Co., 905 S.W.2d 745, 748 (Tex. App.-San Antonio 1995, writ
denied). The Texas Supreme Court articulated the elements of residency under the former
venue statute as: (1) a fixed place of abode within the possession of the party; (2)
occupied or intended to be occupied consistently over a substantial period of time; (3)
which is permanent rather than temporary. Snyder, 241 S.W.2d at 140. An element of
permanency is necessary before a party can be considered a resident of a particular
county. In re Salgado, 53 S.W.3d 752, 762 (Tex. App.-El Paso 2001, orig. proceeding). 
Stated otherwise, with regard to the propriety of venue as in the county of the defendant's
residence, "[a]lthough the venue statutes permit a defendant to have a residence in two
or more counties, the residence must be occupied over a substantial period of time and
must be permanent rather than temporary in order to qualify as a second residence." 
Howell v. Mauzy, 899 S.W.2d 690, 697 (Tex. App.-Austin 1994, writ denied).

 Mary Benham, the Interim Superintendent of Socorro, testified that Trevino was
employed at the school district from July 11, 2007 to December 7, 2007, and that Salinas
was similarly employed from July 11, 2007 to February 11, 2008. During the time of their
employment, they provided residential addresses to the school district indicating that they
were residing in El Paso and that their child was enrolled and attended classes there. 
Trevino and Salinas never indicated that they had taken their positions on a temporary
basis or for any limited time period. Benham specifically testified that, "[a]ll of the actions,
statements, and causes of action alleged against the School District by the Plaintiffs, which
claims the School District denies in their entirety, relate to events that took place in El Paso
County, Texas, during the period of time from July, 2007 to and including December,
2007." Benham further testified that Trevino designated El Paso as her address on: (1)
her original charge of discrimination made to the EEOC dated December 13, 2007; (2) a
request for information from the school district dated January 25, 2008; and (3) her
amended charge of discrimination made to the EEOC dated March 12, 2008. 

 In an affidavit supporting real parties' response to the motions to transfer venue,
Trevino testified that she was a long-term resident of Cameron County. She was born and
raised in San Benito, Cameron County, and purchased a "permanent" residence there in
1995. She testified that she has "lived all my life" in San Benito, "except for a brief period
between July and January, 2007, when I temporarily lived in El Paso, Texas for work only."

Trevino confirmed Benham's testimony that Trevino accepted the position with Socorro and
moved to El Paso to begin work in July 2007. Trevino further testified that she returned
home to her residence in Cameron County within sixty days of her constructive discharge. 
Trevino testified that she has always resided in Cameron County with the exception of the
six-month period of time that she spent in El Paso. She testified it was her "intention to
return to our permanent residence in Cameron County, Texas, when I was not required to
work at Socorro ISD." She has never owned property or voted in El Paso. She has always
considered and intended that Cameron County was her permanent residence, and testified
that she lived in El Paso "temporarily and only for work." Salinas provided similar
testimony.

 In sifting through the foregoing evidence, however, we must focus our attention on
the real parties' residence at the time of the accrual of their causes of action. See Tex.
Civ. Prac. & Rem. Code Ann. § 15.006 (providing that venue shall be determined "based
on the facts existing at the time the cause of action that is the basis of the suit accrued);
§15.017 (providing for venue "in the county in which the plaintiff resided at the time of the
accrual of the cause of action"); see also Gen. Motors Acceptance Corp. v. Howard, 487
S.W.2d 708, 710 (Tex. 1972) (holding that, in order to establish venue in the county of their
residence, plaintiffs were required to make prima facie proof of three venue facts: (1) that
a cause of action for libel accrued in their favor against defendants; (2) the date of its
accrual; and (3) that plaintiffs resided in that county on that date). 

 In the instant case, Benham specifically testified that the causes of action alleged
against Socorro related to events that took place in El Paso County during the period of
time from July to December of 2007. All of the evidence adduced by either relators or real
parties confirms that real parties were residing in El Paso at the time that their causes of
action accrued. In Rodriguez, the Houston Court of Appeals considered a similar case. 
See generally 982 S.W.2d at 69-73. The plaintiff therein, who had been a long-time
resident of Bexar County, moved to Harris County for a new job. See id. at 71. He lived
in Harris County from November 1989 to October 1990, then left his employer and brought
suit in Bexar County against his former employer for slander. See id. at 72-73. Examining
evidence that the plaintiff resided in Harris County when the slanderous statement was
made, the court concluded that there was probative evidence that supported the trial
court's decision that venue was proper in Harris County. See id. at 73.

 Similarly, we conclude that the trial court erred in maintaining venue in Cameron
County because it was not the county of the real parties' residence when their cause of
action accrued. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.006, 15.017; Rodriguez, 982
S.W.2d at 73 (concluding that venue was proper where evidence indicated that cause of
action accrued in county of temporary residence due to employment). In so holding, we
are cognizant that plaintiffs are given the first choice to fix venue in a proper county, see
In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding), and that
plaintiffs may have more than one residence for the purposes of determining venue. See
Verseckes, 962 S.W.2d at 543-44. Nevertheless, given the statutory directives that we
"shall determine the venue of a suit based on the facts existing at the time the cause of
action that is the basis of the suit accrued," see Tex. Civ. Prac. & Rem. Code Ann. §
15.006, and that suit may be brought for libel, slander, and invasion of privacy "in the
county in which the plaintiff resided at the time of the accrual of the cause of action," see
id. § 15.017, we conclude that venue herein is proper in El Paso County given that real
parties resided there when their alleged causes of action accrued. Relators' first issue is
dispositive, and we need not address their remaining arguments. See Tex. R. App. P. 47.1.

VI. Conclusion


 A plaintiff's residence for purposes of venue under section 15.017 of the Texas Civil
Practice and Remedies Code must be determined based on the facts existing at the time
the cause of action that is the basis of the suit accrued, or stated otherwise, at the time of
the accrual of the plaintiff's causes of action. See Tex. Civ. Prac. & Rem. Code Ann. §§
15.006, 15.017. In the instant case, Socorro specifically denied that real parties resided
in Cameron County at the time that their alleged causes of action accrued, and real parties
did not produce prima facie proof otherwise. See Tex. R. Civ. P. 87(3)(a).

 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relators have shown themselves entitled
to the relief sought. Accordingly, we LIFT our stay order of December 29, 2009, and
CONDITIONALLY GRANT relators' petition for writ of mandamus. We DISMISS AS
MOOT the motion to lift stay filed by the real parties in interest. We are confident that the
trial court will withdraw its previous order and transfer the case. The writ will issue only if
the trial court fails to comply with this opinion.



 ____________________________

 GINA M. BENAVIDES,

 Justice



Delivered and filed the

22nd day of March, 2010.

1. See Tex. R. App. P. 52.8(d) ("When granting relief, the court must hand down an opinion as
in any other case."); see also Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).