**Edward RODRIGUEZ and Hector Rodriguez, Appellants,**

v.

**PRINTONE COLOR CORPORATION, Appellee.**

**No. 01–96–00474–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 30, 1998.

Rehearing Overruled Aug. 31, 1998.

---

David C. Holmes, Houston, for Appellants.

Sue V. Speck, Gina Fantasia, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

1. Because this case was tried to the bench, Printone's motion for directed verdict is more properly termed a "motion for judgment." *Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 422 n.

## OPINION

SCHNEIDER, Chief Justice.

Edward "Lalo" Rodriguez sued Printone Color Corporation, Edward's former employer, for slander in Bexar County. After venue was transferred to Harris County, Edward added a breach of contract claim. Edward's brother, Hector Rodriguez, intervened, asserting a claim against Printone for slander. The trial court struck Hector's intervention, and Edward tried his claims in a bench trial. After Edward rested his case, the trial court granted Printone's motion for directed verdict[1] as to Edward's slander claim. After Printone rested, the trial court ruled in favor of Printone as to Edward's breach of contract claim.

On appeal, Edward contends the trial court erred in (1) transferring venue from Bexar County to Harris County and (2) granting a directed verdict in favor of Printone as to his slander claim. Hector contends the trial court abused its discretion by striking his plea in intervention. We affirm.

## VENUE

In point of error one, Edward contends the trial court erred in transferring venue from Bexar County to Harris County. We must conduct an independent review of the entire record, including trial on the merits, to determine whether venue was proper in Harris County, the ultimate county of suit. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993); *see also* TEX.CIV.PRAC. & REM. CODE ANN. § 15.064(b) (Vernon 1986). If there is any probative evidence in the record, including evidence adduced after venue was determined, that destroys the prima facie proof relied upon by the trial court, then we must reverse. *Ruiz*, 868 S.W.2d at 757. On the other hand, if there is probative evidence to support the trial court's determination, even if the preponderance of the evidence is to the contrary, we must defer to the trial court's decision. *Ruiz*, 868 S.W.2d at 758.

4 (Tex.1993) (Gonzalez, J., concurring); *Schwartz v. Pinnacle Communications*, 944 S.W.2d 427, 431 n. 1 (Tex.App.—Houston [14th Dist.] 1997, no writ).

■ Relying on *Wilson v. Texas Parks and Wildlife Dep't*, 886 S.W.2d 259, 261–62 (Tex.1994), Edward argues we must review the entire record to determine whether there was any *probative evidence that venue was proper in Bexar County, Edward's county of choice.* In *Wilson*, the applicable venue statute required that suit be brought in the county in which all or part of the cause of action arose. *Id.* at 262. The plaintiff sued in Travis County alleging the defendant's negligent conduct occurred in Travis County. *Id.* at 260. The defendant moved to transfer venue to Blanco County alleging the plaintiff's injury occurred in that county. *Id.* The trial court transferred venue to Blanco county, and the supreme court held that because the plaintiff filed suit in a county of proper venue, it was reversible error to transfer venue, even if the county of transfer would have been proper if originally chosen by the plaintiff. *Id.* at 261.

Unlike *Wilson*, the defendant in this case not only argued that venue was proper in another county, but also challenged the sufficiency of the proof to support Edward's choice of venue. That is, unlike *Wilson*, Edward's choice of venue was not presumed to be proper. If Edward's choice of venue had been presumed to be proper, then we would have been compelled to look for probative evidence to support Edward's choice. *See Wilson*, 886 S.W.2d at 261–62. This case is more closely akin to *Ruiz*, 868 S.W.2d at 757–60, in which the defendant challenged the evidence to support the plaintiff's claim that the defendant had an agent or representative in the county of suit. Hence, we must follow the rule in *Ruiz*: if there is any probative evidence in the entire record that venue was proper in the *county where judgment was rendered*, we must uphold the trial court's venue determination. 868 S.W.2d at 758.

■ A suit for slander "can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing of suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff." Tex.Civ.Prac. & Rem.Code Ann. § 15.017 (Vernon 1986). Rule 87 provides, in relevant part:

> All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact.... Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading.

Tex.R.Civ.P. 87.

In October 1991, Edward filed his original petition in Bexar alleging that (1) he resided in Bexar County; (2) Printone had made slanderous statements about Edward to businesses in Bexar County; and (3) that his injury occurred in Bexar County. Printone filed a motion to transfer venue to Harris County in which it (1) stated that its principal office was located in Harris County and, therefore, venue was proper in Harris County; (2) denied that it was a resident of Bexar County; (3) specifically denied that "any cause of action alleged in Plaintiff's Original Petition" occurred in Bexar County; and (4) specifically denied "the venue facts pleaded in Plaintiff's Petition." We have held that statements such as "Defendant specifically denies those venue facts pleaded in Plaintiff's Petition" do not constitute a "specific denial" as required by Tex.R.Civ.P. 87. *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 833 S.W.2d 736, 740 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Thus, Printone did not specifically deny Edward's allegations that he was a resident of Bexar County or that his injury occurred in Bexar County.

Approximately eight days before the hearing on the motion to transfer venue, Printone filed a supplement to its motion to transfer venue specifically denying that Edward was a resident of Bexar County at the time of his injury. In support of its supplemental motion, Printone attached as evidence excerpts from the deposition testimony of two of Edward's witnesses, Joe Dena and Lydia Munoz. Dena testified as follows:

Q. [by Printone's counsel]: At the time of your conversation with the [Printone] person in Houston, what position did you think Lalo [Edward] had with Printone:

A. [by Dena]: By what I understood, he was supposed to be in charge of operations over there.

Q.: Over where?

A.: In Houston.

Q.: In Houston. Did Mr. Rodriguez ever have an office in San Antonio? And I'm talking Lalo.

A.: Lalo? Oh, no, I don't think so.

Q.: So Lalo Rodriguez was never in San Antonio other than to just drop by every once in a while?

A.: He would drop by every once in a while, but I think he moved out there. He was living over there.

Q.: He was living over where?

A.: In Houston.

■ Because Printone properly challenged Edward's venue choice, Edward was required to plead and make prima facie proof that his venue selection was proper. *See* TEX.R.CIV.P. 87(3)(a). "A prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true." *Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 748 (Tex.App.—San Antonio 1995, writ denied). Such a quantum of evidence would entitle the proponent to an instructed verdict on the issue absent evidence to the contrary. *See id.* In response to Printone's supplemental motion to transfer venue,[2] Edward stated that he resided in Bexar County at the time of his injury. In support of this averment, Edward attached his own affidavit in which he stated that (1) he resided in San Antonio nearly all of his adult life, except when he moved to Houston to work for Printone in November 1989; (2) he resided in Houston until October 1, 1990, at which time he returned to San Antonio, where he has resided

permanently ever since; (3) in late October 1990, a Printone employee made defamatory statements about him to third parties in San Antonio; and (4) his residence at the time the statements were made was, and continues to be: 15003 Enchanted Castle, San Antonio, Bexar County, Texas 78247.

After a hearing, the trial court granted Printone's motion to transfer venue to Harris County. During the bench trial, Edward testified he moved to Houston when he began to work for Printone in 1989 or 1990 and would call on customers in San Antonio. Sandra Garcia (formerly Touchstone), a former employee of Printone, testified that Edward ceased to be employed by Printone in October 1990. On or about October 17, 1990, Edward testified that he called Printone from San Antonio and spoke with the vice-president. After the conversation, Edward quit working at Printone.

On direct-examination, Edward testified as follows:

Q. [by Edward's counsel]: ... First of all, after you quit working for Printone in October of 1990, at that time were you living in Houston or San Antonio?

A.: San Antonio.

Q.: When you filed your paper work, some of which we have been looking at, with TEC [Texas Employment Commission], what address did you list?

A.: San Antonio.

Edward's claim for benefits that was submitted on October 25, 1990, to the Texas Employment Commission listed the following address: 15003 Enchanted Castle, San Antonio, Texas.

On cross-examination, Edward testified as follows:

Q. [by Printone's counsel]: When you moved from Houston to San Antonio in September 1990, is that correct?

A. [by Edward]: Yes.

Printone cannot complain about Edward's untimeliness when it did not specifically deny that Edward resided in Bexar County at the time of the slanderous statements until almost a week before the venue hearing. Accordingly, we will consider Edward's response to Printone's supplemental motion to transfer venue.

---

**2.** Printone objected to Edward's response on the ground that it was not filed at least 30 days before the hearing on the motion to transfer venue as required by TEX.R.CIV.P. 87(1); instead, it was filed two days before the hearing without leave of the trial court. There is no evidence in the record of a ruling on this objection. Further,

Q.: Did you ever come back to Houston to live?

A.: Yes, ma'am.

Q.: When was that?

A.: It was a couple of—about until the middle of October, something like that. I had an apartment here [in Houston] until November. The last of October.

Applying the standard of review set out in *Ruiz*, 868 S.W.2d at 757–58, we conclude there was probative evidence to support the trial court's determination to transfer venue to Harris County. Edward's affidavit stated the slanderous statements were made in October 1990. Further, Edward's testimony at trial indicated he resided in Houston until the end of October.

We overrule point of error one.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 47, and is, thus, ordered not published. We affirm the trial court's judgment.