

NUMBER 13-09-00500-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: SOCORRO INDEPENDENT SCHOOL DISTRICT AND CRAIG PATTON

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Benavides[1]**

Relators, Socorro Independent School District ("Socorro") and Craig Patton, have

filed a petition for writ of mandamus seeking to compel the trial court to grant their motion

to transfer venue. This original proceeding presents two main issues: (1) what is the

plaintiff's "residence" for purposes of mandatory venue under the libel, slander, and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case."); *see also* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

invasion of privacy venue provision of the civil practice and remedies code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017 (Vernon 2002); and (2) what suffices as a "specific" denial of venue facts. We conditionally grant the writ.

## I. BACKGROUND

In July 2007, Socorro hired the real parties in interest herein, Ida Trevino and Guillermo Salinas Jr., as police officers. Trevino and Salinas, long-time residents of Cameron County, moved from Cameron County to El Paso County for these positions.

Following what they alleged was a pattern of discrimination and harassment against Trevino culminating in their constructive discharge, Trevino and Salinas filed suit in Cameron County against Socorro for discrimination and retaliatory discharge in violation of the Texas Commission on Human Rights Act, and against individual defendants, Patton and Joe Sarabia, for negligence, slander and defamation, invasion of privacy, intentional infliction of emotional distress, and tortious interference with contract. Trevino and Salinas filed suit in Cameron County "pursuant to Texas Civil Practice and Remedies Code [section] 15.017 because this is a slander and/or invasion of privacy case and Plaintiffs are/were residents of Cameron County, Texas, at all relevant times herein."

Relators moved to transfer venue to El Paso County on grounds that: (1) Trevino and Salinas resided in El Paso County during the period when the cause of action accrued; and (2) the mandatory venue provision regarding libel does not apply to the claims raised against Socorro. The trial court denied the motion to transfer venue, and this original proceeding ensued.

Real parties contend that the trial court properly refused to transfer the case because: (1) mandatory venue under section 15.017 is proper in the county of their

2

residence, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017; (2) relators failed to specifically deny the real parties' venue facts that they were residents of Cameron County at the time the causes of action accrued; (3) real parties' prima facie proof established that they were Cameron County residents; and (4) a person may have two or more residences for venue purposes, and in that event, a plaintiff can choose and maintain suit in the venue of his or her choosing. Real parties further contend that the trial court properly refused to grant the transfer of venue because Socorro was properly joined in the action under the venue statutes.

## II. STANDARD FOR MANDAMUS RELIEF

Mandamus is the proper vehicle to enforce mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (Vernon 2002). Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). However, where a party seeks to enforce a mandatory venue provision under chapter 15 of the Texas Civil Practices and Remedies Code, a party is required only to show that the trial court abused its discretion by failing to transfer the case and is not required to prove that it lacks an adequate appellate remedy. *In re Tex. Dept. of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

3

### III. Controlling Venue Statutes

Under the general venue rule, all lawsuits must be brought in either: (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) the county of defendant's residence at the time the cause of action accrued if the defendant is a natural person; or (3) the county of the defendant's principal office in this state, if the defendant is not a natural person. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a) (Vernon 2002). However, mandatory venue provisions control over general venue provisions. *See id.* § 15.004 (Vernon 2002). At issue herein is section 15.017 of the Texas Civil Practice and Remedies Code, which provides:

> A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of the defendants, or any of them, or in the domicile of any corporate defendant, at the election of the plaintiff.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.017. This section provides for mandatory venue. *Marshall v. Mahaffey*, 974 S.W.2d 942, 947 (Tex. App.–Beaumont 1998, pet. denied).

### IV. Venue Procedure

A plaintiff has the first opportunity to fix venue in a proper county by filing suit in that county. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). If a defendant objects to the plaintiff's venue choice and properly challenges that choice through a motion to transfer venue, then the question of proper venue is raised. *Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996); *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *see* TEX. R. CIV. P. 86(3), 87(2)(b). In its motion to transfer venue, a defendant must specifically deny the venue facts in the plaintiff's petition;

4

if not, they are taken as true. TEX. R. CIV. P. 87(3)(a). Once the defendant has specifically denied the plaintiff's venue facts, then the plaintiff is required to make prima facie proof of its venue facts. *Id*.; *In re Masonite Corp*., 997 S.W.2d at 197. "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX. R. CIV. P. 87(3)(a); *see also Rodriguez v. Printone Color Corp*., 982 S.W.2d 69, 72 (Tex. App.–Houston [1st Dist.] 1998, pet. denied) ("A prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true."). Affidavits must be made on personal knowledge, set forth specific facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify. TEX. R. CIV. P. 87(3)(a).

The plaintiff's prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993). When ruling on a motion to transfer venue, the trial court must assume the pleadings are true and decide based on the pleadings and affidavits submitted by the parties. TEX. R. CIV. P. 87(3)(c). Venue questions are to be decided based on the "facts existing at the time the cause of action that is the basis of the suit accrued." TEX. CIV. PRAC. & REM. CODE ANN. § 15.006 (Vernon 2002).

If the plaintiff adequately pleads and provides prima facie proof that venue is proper in the county of suit, then the trial court must not transfer the case. TEX. R. CIV. P. 87(3)(c); *see also Wilson*, 886 S.W.2d at 261 ("Together, Rule 87(3)(c)) and section 15.063(1) require that a lawsuit pleaded and proved to be filed in a county of proper venue may not be transferred."). In such a situation, no other county can be a proper county of venue,

5

even if the county of transfer also would have been proper had it been originally chosen by the plaintiff. *Wilson*, 886 S.W.2d at 261. This rule gives effect to the plaintiff's right to select a proper venue. *Id.*

## V. SPECIFIC DENIAL

Real parties urge that relators failed to specifically deny the real parties' venue facts that they were residents of Cameron County at the time the causes of action accrued. The court must take as true any pleaded venue facts that are not specifically denied by the other party. TEX. R. CIV. P. 87(3)(a); *Geochem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex. 1998). As stated previously, real parties filed suit in Cameron County "pursuant to Texas Civil Practice and Remedies Code [section] 15.017 because this is a slander and/or invasion of privacy case and Plaintiffs are/were residents of Cameron County, Texas, at all relevant times herein."

A "'specific denial' of a venue fact requires that the fact itself be denied." *Maranatha Temple, Inc. v. Enter. Prod. Co.*, 833 S.W.2d 736, 740 (Tex. App.–Houston [1st Dist.] 1992, writ denied); *see State v. Life Partners, Inc.*, 243 S.W.3d 236, 239 (Tex. App.–Waco 2007, pet. denied); *Sanes v. Clark*, 25 S.W.3d 800, 803 (Tex. App.–Waco 2000, pet. denied); *Peysen v. Dawson*, 974 S.W.2d 377, 380 (Tex. App.–San Antonio 1998, no pet.); *see also Bleeker v. Villarreal*, 941 S.W.2d 163, 175 (Tex. App.–Corpus Christi 1996, writ dism'd by agr.) (op. on reh'g). "Global" or "general" denials of venue allegations do not suffice as "specific" denials under the rules of civil procedure. *See Rodriguez*, 982 S.W.2d at 71 ("[S]tatements such as 'Defendant specifically denies those venue facts pleaded in Plaintiff's Petition' do not constitute a 'specific denial' as required by TEX. R. CIV. P. 87.").

6

In the instant case, Socorro's motion to transfer venue contains an ineffective "global" denial regarding venue: "The School District specifically denies that venue as to the School District is proper in Cameron County." *See id.* However, Socorro's motion to transfer venue further alleges that:

> Plaintiffs' claims and allegations all arise based upon Ms. Trevino's employment and alleged "constructive termination" by the School District. All events upon which Ms. Trevino asserts her causes of action took place in El Paso County, Texas. Plaintiffs moved to El Paso, El Paso County, Texas, and took up residence in El Paso County. Plaintiffs resided at 409 Emerald Trail Way, El Paso County, Texas, and 13729 Paseo De Vida, El Paso County, Texas, while employed with the School District. Plaintiffs resided in El Paso County, Texas, until Ms. Trevino resigned her position with the School District. Plaintiffs enrolled their child with the School District while employed with the School District. Their child attended Horizon Heights Elementary School during the 2007-08 school year until Ms. Trevino resigned her position with the School District.

> Plaintiffs' reliance on the mandatory venue statute, [section] 15.017 Tex. Civ. Prac. & Rem. Code, still requires that suit be brought "*and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action.*" (Emphasis added). §15.017, Tex. Civ. Prac. & Rem. Code. There is only one place that meets the statute's requirements for venue, and that is El Paso, El Paso County, Texas.

> Plaintiffs assert that they reside in Cameron County, Texas, and kept their home and residence in Cameron County, Texas, even while they were working for the School District in El Paso County, Texas. They assert that their residence in Cameron County is where they resided and such residence precludes filing this lawsuit in El Paso County. This position is incorrect. Texas law, for venue purposes, permits a person to have a residence in two or more counties . . . .

Moreover, in Socorro's reply to plaintiffs' response to transfer venue, Socorro averred that "[t]his Defendant has properly challenged and has denied specific venue facts of the Plaintiffs," and further stated:

> The venue fact which this Defendant is specifically denying is that the Plaintiffs resided in Cameron County, Texas at the time of the accrual of the events that form the factual basis for the Plaintiffs' allegations contained in

7

their first Amended Petition. While the Plaintiffs may have had a residence in Cameron County, Texas, they resided in El Paso County, Texas, during the entire time of the events they allege were the cause of their alleged damages.

We may consider the totality of Socorro's allegations regarding venue in determining whether or not it has specifically denied the venue facts herein. *See Rodriguez*, 982 S.W.2d at 71-72 (considering a specific denial found in a supplemental motion to transfer); *Cox Eng'g, Inc. v. Funston Mach. & Supply Co.*, 749 S.W.2d 508, 511 (Tex. App.–Fort Worth 1988, no writ) (considering a specific denial found both in original motion to transfer venue and reply to plaintiff's response). Moreover, given the structure of the arguments herein, which focus not on any factual disputes, but rather the legal implication of the facts at issue, Socorro has met its burden to specifically deny the venue facts alleged by real parties in interest.

## VI. RESIDENCE

As stated previously, relators moved to transfer venue to El Paso County on the grounds that Trevino and Salinas resided in El Paso County during the period when their causes of action accrued. In contrast, real parties contend that the trial court properly refused to transfer the case because: mandatory venue under section 15.017 is proper in the county of their residence; their prima facie proof established that they were Cameron County residents; and a person may have two or more residences for venue purposes, and in that event, a plaintiff can choose and maintain suit in the venue of his or her choosing.

For venue purposes, an individual may have more than one residence. *Verseckes*, 962 S.W.2d at 543-44; *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 140 (Tex. 1951); *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.–San Antonio 1995, writ

denied).  The Texas Supreme Court articulated the elements of residency under the former venue statute as:  (1) a fixed place of abode within the possession of the party; (2) occupied or intended to be occupied consistently over a substantial period of time; (3) which is permanent rather than temporary.  *Snyder*, 241 S.W.2d at 140.  An element of permanency is necessary before a party can be considered a resident of a particular county.  *In re Salgado*, 53 S.W.3d 752, 762 (Tex. App.–El Paso 2001, orig. proceeding).  Stated otherwise, with regard to the propriety of venue as in the county of the defendant's residence, "[a]lthough the venue statutes permit a defendant to have a residence in two or more counties, the residence must be occupied over a substantial period of time and must be permanent rather than temporary in order to qualify as a second residence." *Howell v. Mauzy*, 899 S.W.2d 690, 697 (Tex. App.–Austin 1994, writ denied).

Mary Benham, the Interim Superintendent of Socorro, testified that Trevino was employed at the school district from July 11, 2007 to December 7, 2007, and that Salinas was similarly employed from July 11, 2007 to February 11, 2008.  During the time of their employment, they provided residential addresses to the school district indicating that they were residing in El Paso and that their child was enrolled and attended classes there. Trevino and Salinas never indicated that they had taken their positions on a temporary basis or for any limited time period.  Benham specifically testified that, "[a]ll of the actions, statements, and causes of action alleged against the School District by the Plaintiffs, which claims the School District denies in their entirety, relate to events that took place in El Paso County, Texas, during the period of time from July, 2007 to and including December, 2007."  Benham further testified that Trevino designated El Paso as her address on:  (1) her original charge of discrimination made to the EEOC dated December 13, 2007; (2) a

9

request for information from the school district dated January 25, 2008; and (3) her amended charge of discrimination made to the EEOC dated March 12, 2008.

In an affidavit supporting real parties' response to the motions to transfer venue, Trevino testified that she was a long-term resident of Cameron County. She was born and raised in San Benito, Cameron County, and purchased a "permanent" residence there in 1995. She testified that she has "lived all my life" in San Benito, "except for a brief period between July and January, 2007, when I temporarily lived in El Paso, Texas for work only." Trevino confirmed Benham's testimony that Trevino accepted the position with Socorro and moved to El Paso to begin work in July 2007. Trevino further testified that she returned home to her residence in Cameron County within sixty days of her constructive discharge. Trevino testified that she has always resided in Cameron County with the exception of the six-month period of time that she spent in El Paso. She testified it was her "intention to return to our permanent residence in Cameron County, Texas, when I was not required to work at Socorro ISD." She has never owned property or voted in El Paso. She has always considered and intended that Cameron County was her permanent residence, and testified that she lived in El Paso "temporarily and only for work." Salinas provided similar testimony.

In sifting through the foregoing evidence, however, we must focus our attention on the real parties' residence at the time of the accrual of their causes of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.006 (providing that venue shall be determined "based on the facts existing at the time the cause of action that is the basis of the suit accrued); §15.017 (providing for venue "in the county in which the plaintiff resided at the time of the accrual of the cause of action"); *see also Gen. Motors Acceptance Corp. v. Howard*, 487

10

S.W.2d 708, 710 (Tex. 1972) (holding that, in order to establish venue in the county of their residence, plaintiffs were required to make prima facie proof of three venue facts: (1) that a cause of action for libel accrued in their favor against defendants; (2) the date of its accrual; and (3) that plaintiffs resided in that county on that date).

In the instant case, Benham specifically testified that the causes of action alleged against Socorro related to events that took place in El Paso County during the period of time from July to December of 2007. All of the evidence adduced by either relators or real parties confirms that real parties were residing in El Paso at the time that their causes of action accrued. In *Rodriguez*, the Houston Court of Appeals considered a similar case. *See generally* 982 S.W.2d at 69-73. The plaintiff therein, who had been a long-time resident of Bexar County, moved to Harris County for a new job. *See id.* at 71. He lived in Harris County from November 1989 to October 1990, then left his employer and brought suit in Bexar County against his former employer for slander. *See id.* at 72-73. Examining evidence that the plaintiff resided in Harris County when the slanderous statement was made, the court concluded that there was probative evidence that supported the trial court's decision that venue was proper in Harris County. *See id.* at 73.

Similarly, we conclude that the trial court erred in maintaining venue in Cameron County because it was not the county of the real parties' residence when their cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.006, 15.017; *Rodriguez*, 982 S.W.2d at 73 (concluding that venue was proper where evidence indicated that cause of action accrued in county of temporary residence due to employment). In so holding, we are cognizant that plaintiffs are given the first choice to fix venue in a proper county, *see*

11

*In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding), and that plaintiffs may have more than one residence for the purposes of determining venue. *See Verseckes*, 962 S.W.2d at 543-44. Nevertheless, given the statutory directives that we "shall determine the venue of a suit based on the facts existing at the time the cause of action that is the basis of the suit accrued," *see* TEX. CIV. PRAC. & REM. CODE ANN. § 15.006, and that suit may be brought for libel, slander, and invasion of privacy "in the county in which the plaintiff resided at the time of the accrual of the cause of action," *see id*. § 15.017, we conclude that venue herein is proper in El Paso County given that real parties resided there when their alleged causes of action accrued. Relators' first issue is dispositive, and we need not address their remaining arguments. *See* TEX. R. APP. P. 47.1.

## VI. CONCLUSION

A plaintiff's residence for purposes of venue under section 15.017 of the Texas Civil Practice and Remedies Code must be determined based on the facts existing at the time the cause of action that is the basis of the suit accrued, or stated otherwise, at the time of the accrual of the plaintiff's causes of action. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.006, 15.017. In the instant case, Socorro specifically denied that real parties resided in Cameron County at the time that their alleged causes of action accrued, and real parties did not produce prima facie proof otherwise. *See* TEX. R. CIV. P. 87(3)(a).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relators have shown themselves entitled to the relief sought. Accordingly, we LIFT our stay order of December 29, 2009, and CONDITIONALLY GRANT relators' petition for writ of mandamus. We DISMISS AS

12

MOOT the motion to lift stay filed by the real parties in interest. We are confident that the trial court will withdraw its previous order and transfer the case. The writ will issue only if the trial court fails to comply with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
22nd day of March, 2010.