Opinion issued July 30, 2019



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-18-00954-CV

————————————

**PEGGY PIERCE, Appellant**

**V.**

**GARY T. BROCK, M.D. AND GARY T. BROCK, M.D., P.A., Appellees**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-42395**

---

## MEMORANDUM OPINION

Appellant, Peggy Pierce, appeals the trial court's order denying her motion to dismiss filed pursuant to the Texas Citizens Participation Act ("TCPA" or "the

Act").[1]  In one issue, Pierce contends that the trial court erred when it denied her motion to dismiss appellees, Gary T. Brock, M.D. and Gary T. Brock, M.D., P.A.'s (collectively, "Brock") claims for negligence, fraud, and breach of fiduciary duty against her because (1) she showed by a preponderance of the evidence that the TCPA applies to Brock's claims and (2) Brock failed to establish by clear and specific evidence a prima facie case for each essential element of its claims.  We affirm.

## Background

Dr. Brock is an orthopedic surgeon in Houston, Texas.  His professional association, Gary T. Brock, M.D., P.A., is one of a number of partners that forms Fondren Orthopedic Group, L.L.P. ("FOG").  FOG hired Pierce in 1989.  Pierce became FOG's administrator in 1993 and, in 2017, she was named FOG's Chief Operating Officer.

In her role as administrator, Pierce was responsible for the day-to-day operations of Brock P.A. and overseeing all financial aspects of the practice, including billing, collections, the allocation of overhead, and the payment and distribution of partnership funds.  In 2018, FOG initiated an internal investigation of Pierce after its physicians had become concerned with Pierce's actions and behavior.

---

[1]      *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.

On February 8, 2018, FOG placed Pierce on a leave of absence. FOG terminated Pierce's employment on March 15, 2018.[2]

On February 28, 2018, Pierce filed a charge of discrimination with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC"). On April 16, 2018, the parties attempted to resolve Pierce's claims at a pre-suit mediation but were unsuccessful.

On May 23, 2018, Pierce filed suit against FOG and Fondren Orthopedic Ltd. ("FOLTD") in federal court,[3] alleging claims of disability, age, and sex discrimination, retaliation, and breach of contract. On June 21, 2018, FOG and FOLTD answered and asserted counterclaims against Pierce for breach of fiduciary duty, fraud, conversion, and declaratory judgment.

On June 25, 2018, Dr. Brock and Brock P.A. filed suit against Pierce, asserting claims for fraud, fraud by non-disclosure, negligence, and negligent misrepresentation. Brock P.A. also asserted a claim against Pierce for breach of fiduciary duty.

---

[2]   In a letter dated April 18, 2018, FOG informed Pierce that it had classified her termination as "for cause."

[3]   FOG's partners formed FOLTD to operate Texas Orthopedic Hospital. The hospital and FOG "work in tandem as a one-stop shop: the Partners provide clinical care and perform surgery, and the Hospital provides pre- and post-operative care."

On August 23, 2018, Pierce filed a motion to dismiss Brock's lawsuit arguing that the suit was related to, and in response to, Pierce's exercise of the right to petition, to wit, her suit against FOG, and that Brock failed to establish by clear and specific evidence a prima facie case for each essential element of its claims, thereby entitling Pierce to dismissal of the claims under the TCPA. To her motion, Pierce attached numerous exhibits, including her declaration and her husband's declaration. In its response and sur-reply, Brock argued that Pierce's motion to dismiss should be denied because Pierce failed to show by a preponderance of the evidence that Brock's lawsuit was related to, or in response to, Pierce's lawsuit, and Brock provided clear and specific evidence of a prima facie case for each essential element of its claims. Brock also objected to Pierce's and her husband's declarations on the grounds that they violated the mediation privilege, contained inadmissible hearsay, and were irrelevant as to whether the TCPA applied to Brock's lawsuit.

On September 28, 2018, the trial denied Pierce's motion to dismiss. In its order, the trial court also sustained Brock's objections to the declarations of Pierce and her husband and struck them from the record. This interlocutory appeal followed.[4]

---

[4] Pierce has filed a related interlocutory appeal from the trial court's order denying her motion to dismiss in *Pierce v. Stocks, M.D.*, No. 01-08-00990-CV, which is currently pending in this Court. The underlying cause is *Peggy Pierce v. Gregory Stocks, M.D.*, trial court cause number 2018-56514, in the 215th District Court of Harris County, Texas.

**Texas Citizen's Participation Act**

In one issue, Pierce contends that the trial court erred in denying her motion to dismiss Brock's claims because (1) the claims relate to, and are in response to, her exercise of the right to petition, and (2) Brock did not establish by clear and specific evidence a prima facie case for each essential element of its claims.

## A. Applicable Law and Standard of Review

Chapter 27, also known as the Texas Citizens Participation Act, is an anti-SLAPP statute. *See In re Lipsky*, 411 S.W.3d 530, 536 n.1 (Tex. App.—Fort Worth 2013, orig. proceeding). "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Id.* The purpose of the statute "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002; *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The TCPA created "an avenue at the early stage of litigation for dismissing unmeritorious suits that are based on the defendant's exercise" of certain constitutional rights. *Lipsky*, 411 S.W.3d at 539. The Legislature has directed courts to construe the statute liberally "to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE § 27.011(b); *Robinson*, 409 S.W.3d at 688.

Section 27.003 of the TCPA allows a litigant to seek dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE § 27.003(a). A "'legal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *Id*. § 27.001(6). The TCPA defines "exercise of the right to petition" as, among other things, "a communication in or pertaining to . . . a judicial proceeding." *Id*. § 27.001(4)(A)(i). "Communication" is further defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1).

The Act imposes the initial burden on the movant to establish by a preponderance of the evidence "that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right to petition." *Id*. § 27.005(b)(2). We review de novo the trial court's determination whether the movant carried this burden. *Robinson*, 409 S.W.3d at 688. If the trial court determines that the movant has met her burden, the burden then shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to prove each essential

6

element of any valid defenses by a preponderance of the evidence. *See id.* § 27.005(d).

The Legislature's use of "prima facie case" in the second step of the inquiry implies a minimal factual burden: "[a] prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true." *Robinson*, 409 S.W.3d at 688; *Rodriguez v. Printone Color Corp.*, 982 S.W.2d 69, 72 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). The TCPA requires that the plaintiff's proof address and support each "essential element" of every claim and that the proof constitute "clear and specific evidence." *Robinson*, 409 S.W.3d at 688. Because the statute does not define "clear and specific," we apply the ordinary meaning of these terms. *Id*. at 689. "Clear" means "unambiguous," "sure," or "free from doubt," and "specific" means "explicit" or "relating to a particular named thing." *Id*.

When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. & PRAC. REM. CODE § 27.006(a). We review the pleadings and evidence in the light most favorable to the plaintiff. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80–81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) ("Importantly here, we also view

7

the [evidence] in the light most favorable to . . . the nonmovant[.]"). Here, if we determine that Pierce carried her initial burden to prove that Brock's claims are covered by the Act, we must examine the pleadings and the evidence presented in response to Pierce's motion to dismiss to determine whether Brock marshaled "clear and specific" evidence to support each essential element of its claims. *See Robinson*, 409 S.W.3d at 689.

We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered under the Act. *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.). We also review de novo a trial court's determination of whether a nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims. *Id.*

## B. Applicability of TCPA to Brock's Claims

The TCPA applies to Brock's lawsuit if it is (1) a legal action (2) related to or in response to (3) Pierce's exercise of the right to petition. The parties agree that the first and third elements of the test are met because the TCPA defines a legal action as "a lawsuit," and Pierce's federal lawsuit is "a communication made in or pertaining to . . . a judicial proceeding. TEX. CIV. PRAC. REM. CODE §§ 27.001(1), (4)(A)(i), (6). Thus, we must determine whether Pierce has established by a

8

preponderance of the evidence that Brock's lawsuit relates to, or is in response to, Pierce's federal lawsuit.

Pierce argues that Brock's lawsuit was filed in response to her federal lawsuit because, by filing the lawsuit, Brock intended to chill her right to petition. In support of her argument, Pierce points to alleged retaliatory statements made during the mediation of her federal lawsuit that she claims show that FOG and FOLTD "threatened to cause its individual partners to sue Pierce if she sued them first." Pierce argues that "[t]he district court did not consider this evidence of the subjective motivation behind Brock's lawsuit, presumably based on the claim that it was prohibited from doing so because the retaliatory statements were made in a mediation." Pierce asserts, however, that the statements qualify as an exception to the mediation privilege and, therefore, are admissible to show that Brock filed his lawsuit in response to her federal lawsuit.

Section 154.073 of the Texas Civil Practice and Remedies Code provides, in relevant part:

> Except as provided by Subsections (c), (d), (e), and (f), a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

TEX. CIV. PRAC. & REM CODE § 154.073(a). However, "an oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure." *Id*. § 154.073(c). Pierce argues that the subjective motivation behind the filing of Brock's lawsuit is relevant to whether he filed his suit "in response" to Pierce's federal lawsuit and, therefore, is discoverable independent of the mediation procedure.

"[A] 'cloak of confidentiality' surrounds mediation, and the cloak should be breached only sparingly." *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 260 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.); *see also Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 795–96 (Tex. App.—Dallas 2013, pet. denied) (holding mediation privilege barred consideration of evidence of oral communications made during mediation). Notwithstanding the fact that the alleged statements are arguably hearsay, *see* TEX. R. EVID. 801, the record shows that they were made by individuals other than Dr. Brock and in the course of mediation between Pierce and FOG in her federal lawsuit to which Dr. Brock is not a party. Further, other than a conclusory assertion that the mediation statements are relevant, Pierce does not explain why they are relevant or otherwise admissible or discoverable independent of the mediation procedure. The trial court correctly determined that they were not proper evidence.

10

Pierce also argues that, even if the mediation statements are not considered, Dr. Brock's statements in his own declaration compel the same conclusion. Pierce argues that although Dr. Brock stated that he had no knowledge of what was said at the mediation, he "does not actually deny that he coordinated with the other partners of FOG in the filing of his lawsuit." Pierce concludes that "denying knowledge of what was *said* is far different from denying the *truth* of what was said." As previously noted, Dr. Brock was not at the mediation and therefore cannot confirm or deny what was said, much less the truth of what was said. Moreover, Dr. Brock does not bear the burden of proof at this stage of the TCPA analysis. *See id.* § 27.005(b) (imposing initial burden on movant to establish by preponderance of evidence that legal action is based on, relates to, or is in response to party's exercise of right to petition).

Other than the stricken declarations, Pierce did not submit any evidence on this aspect of the TCPA. She contends that the pleadings alone can establish that Brock's lawsuit is "related to" her lawsuit because there is a connection between Brock's lawsuit and her federal lawsuit as both suits arise out of her employment with FOG. A review of Brock's petition and Pierce's federal lawsuit does not support this assertion. Brock's claims of fraud, negligence, and breach of fiduciary duty arise from the financial harm that Pierce's alleged mismanagement and/or misappropriation caused Brock, while Pierce's federal suit alleges claims of

11

employment discrimination based on age, sex, and disability, and retaliation. That Pierce was employed by FOG and later sued FOG in federal court does not establish that Brock's claims are related to Pierce's federal lawsuit for purposes of the TCPA.

Pierce also contends that Brock's lawsuit was filed "in response to" Pierce's federal lawsuit because it was asserted subsequently in time. She argues that Brock's filing of his lawsuit only four days after FOG and FOLTD filed their counterclaims in Pierce's lawsuit is all that is required to satisfy the first prong of the TCPA. However, simply alleging *post hoc ergo propter hoc* will not satisfy her burden to demonstrate applicability of the TCPA. Pierce had to show that Brock's lawsuit is in response to *her* exercise of her right to petition, i.e., her federal lawsuit, not the counterclaims of the opposing party in her federal lawsuit. *See id*. § 27.003(a) (allowing litigant to seek dismissal of "legal action" that is "based on, relates to, or is in response to a party's exercise of the right . . . to petition").

Viewing the pleadings in the light most favorable to Brock, we conclude that Pierce failed to demonstrate by a preponderance of the evidence that Brock's legal action relates to, or in response to, her exercise of the right to petition.[5] The trial court did not err in denying Pierce's motion to dismiss under the TCPA. *See id.* § 27.005(b). Accordingly, we overrule Pierce's issue.

---

[5] Having determined that Pierce failed to meet her initial burden to show that the TCPA applies to Brock's claims, we need not address whether Brock established a prima facie case for each of the elements of its claims against Pierce.

12

**Conclusion**

We affirm the trial court's order denying Pierce's motion to dismiss.


                                 Russell Lloyd
                                 Justice

Panel consists of Justices Lloyd, Landau, and Countiss.